## ASSESSMENT OF A TAX TO QUALIFY A VOTER.

The assessors of a town have no legal authority, after the assessment of a general tax has been made, and committed for collection, to assess a poll or other tax on any person otherwise qualified, for the purpose of enabling him to vote at any election ; nor will the payment by any person, of the tax so assessed, qualify him to vote, under the provisions of the constitution.

" The justices of the supreme judicial court, in answer to the question proposed to them by the order of the honorable house of representatives, respectfully submit the following opinion.

The question is as follows :—' After the annual assessment of taxes has been made by the assessors of any town, and committed for collection, can said assessors assess a poll, or other tax, on any person, otherwise qualified, for the purpose of enabling him to vote at any election ?'

' And is such person, on the payment of the tax so assessed, qualified to vote at elections, according to the provisions of the third article of the amendments to the constitution ?'

This question depends upon the construction of the third article of the amendments of the constitution, providing for the qualifications of voters ; which, among other things, vests that right in every male citizen, otherwise qualified, who shall have paid, by himself, or his parent, master or guardian, any state or county tax, which shall, within two years next preceding the election in question, have been assessed upon him in any town or district in this commonwealth.

The question seems to proceed on the assumption, that there can be but one state or county tax in each year, which it designates as the annual tax. We are not aware, however, that there is anything in the law to prevent the levy and assessment of more than one tax in the year, or anything that distinguishes a tax as the annual tax. But it has become so common, if not universal in practice, to levy a tax on the first day of May, that it may be properly enough called the annual tax ; but there being nothing in the article in question to distinguish one tax from another, and as it speaks of any tax assessed within two years preceding, we presume the question

is intended to apply to any general tax assessed upon the inhabitants in the course of the year.

The question then will be, whether, after such general assessment of a tax has been made, and committed by the assessors to the proper officer for collection, they can assess a poll or other tax on any person, otherwise qualified, for the purpose of enabling him to vote at any election; and whether such person, upon the payment of the tax so assessed, is qualified to vote.

We are of opinion, that the assessors have no legal authority to assess any tax, under the circumstances named; nor does any person, by the payment of the tax so assessed, thereby become qualified to vote, under the provisions of the article in question.

To prevent misapprehension, it may be proper to state the grounds of their opinion, and to limit it to the cases to which we think it applicable.

The powers of assessors are prescribed, regulated, and limited by statute. By stat. 1785, c. 50, § 1, assessors are to be appointed in each town, who are to be assessors of all such rates and taxes, as the general court shall order and appoint each town to pay, within the space of one year from their choice. It further provides, that they shall be assessors of county, town, and district taxes.

They shall assess the polls and estates within their respective towns their due proportion of any tax, according to the rules set down in the act for raising the same; they are to make perfect lists thereof, under their hands and seals, and to commit the same to a collector, with a warrant, under their hands and seals; they are to return a certificate thereof to the treasurer and receiver general of the commonwealth, with the name of the collector; and they shall also have their assessment recorded in the town book, or leave an exact copy thereof with the town clerk, or file the same in the assessor's office, where one is kept, before the same is committed for collection; and they shall also lodge in the clerk's office the invoice or valuation, or a copy thereof, from which the rates or assess-

ments are made, that the inhabitants, or others rated, may inspect the same. Their duty, in the fourth section, is declared to be that of assessing or apportioning any rate or tax upon the inhabitants or estates, &c.

Some of these regulations seem particularly appropriate to state taxes; but the same statute, section 8, provides, that all county, town and other rates and taxes, shall be assessed and apportioned by the assessors, upon the polls and estates, according to the rules which shall from time to time be prescribed and set in and by the then last tax act; and the assessors shall cause attested copies of such assessments and valuations to be lodged in the clerk's office, or filed in their own, if they have one. Section 11 authorizes assessors to apportion on the polls and estates, according to law, such additional sum, over and above the precise sum committed to them to assess, as any fractional divisions of such precise sum may render convenient, not exceeding five per cent; and in no case to exceed forty pounds.

Without pursuing the legal provisions, respecting the authority and duty of assessors, further, it is manifest from this general view, that the office and power of assessors are special and limited, and that whenever a tax is duly levied by the constituted authorities of the state, county or town, it is their duty to assess and apportion the whole sum, by one act, upon all the polls and estates liable to contribute thereto, ratably and proportionably; and they are armed with power, which the law deems adequate to the purpose, to ascertain who are liable, and in what proportion, thus to be assessed and rated. Before this apportionment can be made, they must necessarily have before them the valuation, embracing all the polls and all the estates thus liable to be assessed. Without this no regular apportionment can be made.

When the apportionment is thus made, the assessment list, or tax bill, together with the valuation, having been placed in a public office for general public inspection, and having been certified to the town clerk, and warrant committed to the collector to collect such rates and taxes, the authority and

44

powers of the assessors are wholly exhausted; and should they afterwards place the names of other persons on such lists, or on their tax books, the act would be wholly void; and in no legal sense could it be said, that any tax was thereby assessed upon such persons; nor can the payment of any such sum, so placed on the tax list, after it is thus closed and committed for correction, or placed on the assessors' books, be considered as the payment of a tax assessed.

In expressing this opinion, we beg leave not to be understood as intending to suggest, that to qualify one to vote within this provision of the constitution, it must appear that the tax which he has paid is in all respects a legal tax, or that it is competent to go behind the actual payment of a tax, to inquire whether there has or has not been irregularity or illegality in the levying or assessment of the taxes. This is a point, which the person claiming a right to vote is not bound to inquire into, and in most cases cannot know. It is sufficient that he has paid a tax *de facto* levied and assessed upon him. This distinction we think is manifest. In the one case, the tax is an actual tax, although it may be informal, irregular, and even illegal, and of which, perhaps, he might avoid the payment, should he elect to contest it; in the other, it is the mere semblance of a tax, purporting to be assessed by persons wholly unauthorized, and thus is a proceeding utterly void, from which no right can be derived.

Upon these grounds, we are therefore of opinion, as already substantially expressed, that after the assessment of a general tax, and the same is committed for collection, and before another tax is committed to the assessors to assess, they have no authority to assess a poll or other tax upon any person, by the entry of such person's name on the assessors' books, the tax list, or otherwise; that such assessment is wholly void; and that a person, by the payment of such void tax, does not thereby become qualified to vote, according to the provisions of the third article of the amendments of the constitution.

LEMUEL SHAW,        S. S. WILDE,
SAMUEL PUTNAM,    MARCUS MORTON.
*March* 31*st*, 1836.